IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JAMES W. GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:09-CV-296 |
| ) | |
| THE HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On May 29, 2009, plaintiff initiated this civil action by filing his "Complaint for Declaratory Judgment" in Tennessee state court. Plaintiff "brings this action to judicially determine the rights and responsibilities between the Plaintiff as the Insured and the Defendant as the Insurer, under a long term disability policy issued by the Defendant . . . ." [Complaint, p.1].

On July 6, 2009, defendant removed the case to this court pursuant to 28 U.S.C. § 1441 which provides, with exceptions not presently relevant, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . ." 28 U.S.C. § 1441(a). Defendant contends that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and, more specifically, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Three motions are now pending before the court, including "Plaintiff's Objection to Removal and Motion for Remand to State Court" [doc. 6]. That motion has been fully briefed and is ripe for the court's consideration. For the reasons that follow, plaintiff's remand motion will be denied.

I.

*Remand*

According to the complaint, defendant issued a long term disability ("LTD") policy ("the Plan") through plaintiff's employer. As such, the Plan is an "employee welfare benefit plan" under ERISA. *See* 29 U.S.C. § 1002(1).

Plaintiff is a Plan participant who was granted LTD benefits in 2008. Plaintiff contends that his monthly benefit payment, as calculated by defendant, is less than he is due under the Plan. Plaintiff asks the court to recalculate his monthly LTD payment.

ERISA provides, "A civil action may be brought by a [plan] participant . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). A complaint brought under § 1132(a)(1)(B) may be filed either in state or federal court. *See* 29 U.S.C. § 1132(e)(1).

Plaintiff argues, "No federal question arises in the Complaint filed in Sate [sic] Court and this Court lacks subject matter jurisdiction." [Doc. 7, p.15]. Remarkably, plaintiff contends that § 1132 does not confer federal question jurisdiction because this "is

2

not an action to recover benefits." [Doc. 7, p. 9]. The court cannot agree.

The present complaint plainly fits within the parameters of § 1132(a)(1)(B). The primary focus of the complaint is plaintiff's contention that he is not receiving all the benefits he is due under an ERISA plan. As such, plaintiff seeks "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, [*and*] to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B) (emphasis added). This court accordingly has original subject matter jurisdiction, *see* 29 U.S.C. § 1132(e)(1), and defendant was thus entitled to remove the case. *See* 28 U.S.C. § 1441(a), (b).

In the alternative, plaintiff argues that the court in its discretion should remand pursuant to 28 U.S.C. § 1367(c), but that statute does not apply to this case. Section 1367 grants *supplemental* jurisdiction to federal courts over state law causes of action that are related to claims over which the court has *original* jurisdiction. *See* 28 U.S.C. § 1367(a). Section 1367(c) provides that the court may decline to exercise supplemental jurisdiction in certain instances. However, *supplemental* jurisdiction is not at issue in this case because there exists *original* federal jurisdiction over plaintiff's entire complaint.

For these reasons, plaintiff's remand arguments are not well-taken. The motion for remand must be denied.

3

## II.

*Remaining Motions*

Two additional motions remain pending. On July 13, 2009, defendant filed a motion to dismiss [doc. 3]. Rather than filing a brief in response to that motion, plaintiff instead employed the somewhat hazardous litigation strategy of submitting a "Motion of Plaintiff to Strike or Defer Defendant's Motion to Dismiss" [doc. 5]. Therein, plaintiff asks the court to "strike or defer further proceeding on the Defendant's Motion to Dismiss until such time as a ruling or determination has been made by the Court as to its removal/remand jurisdiction."

Initially, the court notes that it cannot "strike" a dispositive motion. Motions to strike are authorized by Federal Rule of Civil Procedure 12(f) but pertain only to pleadings. *See* Fed. R. Civ. P. 12(f). A motion is not a pleading. *See* Fed. R. Civ. P. 7(a).

The court will, however, grant plaintiff's request to defer. Plaintiff will be allowed to file a response to defendant's dispositive motion now that the fundamental issue of the court's jurisdiction has been resolved.

4

## III.

*Conclusion*

An order reflecting this opinion will be entered. Within twenty days of the entry of that order, plaintiff shall file his responsive brief in opposition to the pending motion to dismiss.

ENTER:

                                                            s/ Leon Jordan
                                                     United States District Judge