IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JAMES W. GILES, | ) |
|         Plaintiff, | ) |
| v. | )    No. 3:09-CV-296 |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
|         Defendant. | ) |

## **MEMORANDUM OPINION**

This Employee Retirement Income Security Act ("ERISA") action is before the court on defendant's motion to dismiss [doc. 3], based on plaintiff's alleged failure to exhaust his administrative remedies. Plaintiff opposes the motion, arguing that defendant's administrative appeals process is not mandatory and that pursuit of those remedies would have been futile. Finding plaintiff's arguments to be without merit, the court will grant the pending motion. This case will be dismissed.

I.

*Rule 12(b)(6)*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting

Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12 (b)(6) motion "must be" converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Documents attached to a complaint, however, are deemed part of that pleading and may be considered in ruling on a 12(b)(6) motion without conversion to summary judgment. *See* Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

II.

*Background*

Plaintiff initiated this civil action by filing his "Complaint for Declaratory Judgment" in Tennessee state court. He "brings this action to judicially determine the rights and responsibilities between the Plaintiff as the Insured and the Defendant as the Insurer, under a long term disability policy issued by the Defendant . . . ." [Complaint, p.1]. Defendant then removed the case, citing this court's jurisdiction under ERISA, 29 U.S.C. § 1001 *et seq*.

According to the complaint, defendant issued a long term disability ("LTD") policy ("the Plan") through plaintiff's employer. As such, the Plan is an "employee welfare benefit plan" under ERISA. *See* 29 U.S.C. § 1002(1). The Plan and several letters between the parties are attached to the complaint, and the court has properly considered those documents in resolving the instant motion.

Plaintiff is a Plan participant who was granted LTD benefits in 2008. He contends that his monthly benefit payment, as calculated by defendant, is less than he is due. Plaintiff now asks the court to recalculate that monthly payment.

On December 12, 2008, plaintiff's attorneys wrote to defendant's Sacramento (California) Disability Claim Office disputing the benefit amount. Kevin Stockton of defendant's Sacramento office responded by letter dated December 29, 2008. Therein, defendant advised that it was paying plaintiff "the maximum benefit payable" and that his payments would not be increased. The letter then reminded plaintiff of his right to administratively appeal the decision. In addition to setting forth the necessary information for plaintiff to include in an administrative appeal, the letter cautioned that if "you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter." Plaintiff was instructed to send his appeal, if any, to defendant's Claim Appeal Unit in Hartford, Connecticut.

Rather than pursuing an administrative appeal, plaintiff's counsel again wrote to defendant's Sacramento Disability Claim Office. That February 25, 2009 letter was

3

addressed to Mr. Stockton. Counsel disputed the prior benefits explanation and wrote in material part, "At this point, we do not consider that a final decision has been made by Hartford and consequently, [sic] do not recognize that the appellate rights of Dr. Giles have yet come into play, nor has the 180 day period within which to file an appeal commenced as you suggest in your letter of December 29, 2008."

Defendant, through Mr. Stockton, responded to counsel by letter dated March 3, 2009. Defendant restated its payment calculation and concluded the letter by reminding plaintiff, "If you disagree with this decision, please see our enclosed 12/26/08 [sic] letter for information regarding appeals." Plaintiff did not submit an administrative appeal. Instead, he filed the present lawsuit.

III.

*Analysis*

Defendant asks that this case be dismissed due to plaintiff's failure to exhaust his administrative remedies. The Sixth Circuit has long held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991) (quoting *Miller v. Metro. Life Ins.*, 925 F.2d 979, 986 (6th Cir. 1991)). The administrative exhaustion requirement is "routinely enforce[d]" in benefits calculation suits such as the one presently at bar. *See Durand v. Hanover Ins. Group*, 560 F.3d 436, 439 (6th Cir. 2009).

4

> Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement. It would be anomalous if the same reasons which led Congress to require plans to provide remedies for ERISA claimants did not lead courts to see that those remedies are regularly utilized.
>
> . . . the exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.

*Baxter*, 941 F.2d at 453 (quoting *Makar v. Health Care Corp. of Mid-Atl.*, 872 F.2d 80, 83 (4th Cir. 1989)) (internal citations and quotations omitted).

Exhaustion is not required, however, if the administrative remedy is shown to be inadequate or futile. *Baxter*, 941 F.2d at 453 (citing *Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990)). In arguing that an administrative appeal would have been futile in the present case, plaintiff contends only that the two letters from defendant's Disability Claim Office "refused to address the conflicting policy language addressed by [his] counsel, and repeated only that it had correctly calculated the benefits and would not consider a further review or recalculation as requested."

Plaintiff's argument is insufficient to show futility. The mere fact that defendant's claims office twice stated the same position (while twice simultaneously reminding plaintiff of his right to internally appeal) does not definitively mean that defendant's appeals unit would not have given his claim due consideration. The futility

5

exception requires a "clear and positive indication of futility." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). "A plaintiff must show that it is *certain* that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision. . . . The futility exception is . . . quite restricted and has been applied only when resort to administrative remedies is clearly useless." *Id.* (citations and quotations omitted) (emphasis added). The fact that reviewing entities may "share common interests or affiliations" is insufficient to show futility. *See Ravencraft v. Unum Life Ins. Co. of America*, 212 F.3d 341, 343 (6th Cir. 2000) (quoting *Amato v. Bernard*, 618 F.2d 559, 569 (9th Cir. 1980).

Plaintiff next contends that the Plan's administrative appeal requirement is not mandatory, and the court finds that contention similarly unpersuasive. Plaintiff cites language from defendant's Summary Plan Description providing that a claimant "*may* appeal any denial of a claim for benefits by filing a written request for a full and fair review to the insurance company" (emphasis added). Courts, including the undersigned, have long-rejected plaintiff's argument. *See e.g., Baxter*, 941 F.2d at 454; *McFarland v. Union Cent. Life Ins.*, 907 F. Supp. 1153, 1160 (E.D. Tenn. 1995). The cited language simply means that a claimant may choose to exercise his right to administratively appeal an adverse decision, or he may choose instead to accept that decision. "The use of permissive language in a plan . . . concerning administrative review of a benefits claim does not make exhaustion of administrative remedies any less of a prerequisite to a 29 U.S.C. § 1132(a)(1)(B) civil action

6

to recover benefits . . . ." *McFarland*, 907 F. Supp. at 1160. "The fact that permissive language was used in framing the administrative review provision makes no difference." *Baxter*, 941 F.2d at 454.

Lastly, the court notes plaintiff's citation to 29 C.F.R. § 2560.503-1(c)(2) and (3). Plaintiff appears to argue that these provisions trump the judicial requirement of administrative exhaustion. The court does not agree. Section 2560.503-1(c)(2) bars more than two levels of mandatory administrative review, and section (c)(3) provides that if a plan has more than two voluntary levels of review, then the plan must contain a waiver of the administrative exhaustion defense. Plaintiff offers no evidence that either of these provisions are relevant to the present case.

IV.

*Conclusion*

"ERISA plans are often complicated things, and the question whether a plan's methodology was properly applied in a particular case is usually one best left to the plan administrator in the first instance." *Durand*, 560 F.3d at 439. Due to plaintiff's unexcused failure to exhaust the required administrative review process, his complaint must be dismissed. An order reflecting this opinion will be entered.

ENTER:

                                                  s/ Leon Jordan
                                        United States District Judge